IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br><br>       **Plaintiff,**<br><br>  v.<br><br>UNITED STATES,<br><br>       **Defendant.** | Before: Hon. _____<br><br>Court No. 22-00236 |

## COMPLAINT

Plaintiff Aluminum Extrusions Fair Trade Committee ("Plaintiff"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest portions of the final administrative determination issued by the U.S. Customs and Border Protection ("CBP"), Office of Trade ("OT"), Regulations and Rulings ("Regulations and Rulings") in the *de novo* administrative review, pursuant to 19 U.S.C. § 1517(f), of the initial determination of evasion made by the CBP OT Trade Remedy & Law Enforcement Directorate ("TRLED"), pursuant to 19 U.S.C. § 1517(c), in the Enforce and Protect Act ("EAPA") investigation into Kingtom Aluminio S.R.L. ("Kingtom"), EAPA Case Number 7550. The final determination by Regulations and Rulings pursuant to the *de novo* administrative review was issued on June 29, 2022. *See* Letter from Wiley R. Beevers, Chief, Cargo Sec., Carriers & Restricted Merchandise Branch, Regulations and Rulings, CBP Off. of Trade, re: *Enforce and Protect Act ("EAPA") Case Number 7550; Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order, 76 FR 30650 (May 26, 2011) and Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order, 76 FR*

Ct. No. 22-00236

*30653 (May 26, 2011); Kingtom Aluminio SRL; 19 U.S.C. § 1517* (June 29, 2022) ("Administrative Review Determination").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 517(g) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1517(g).

## STANDING

3. Plaintiff is a coalition of domestic producers of aluminum extrusions and is, therefore, an interested party within the meaning of 19 U.S.C. § 1517(a)(6)(A)(iv) and was a participant in the underlying EAPA investigation and subsequent *de novo* administrative review. Plaintiff filed the allegation of evasion that resulted in the initiation of the underlying investigation. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1517(g).

## TIMELINESS OF ACTION

4. Plaintiff is commencing this action by concurrently filing a Summons and Complaint on August 11, 2022, within 30 business days after the completion of the *de novo* administrative review of the initial determination of evasion on June 29, 2022. *See* Administrative Review Determination. The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1517(g) and Rules 3(a)(3) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On May 26, 2011, the U.S. Department of Commerce ("Commerce") issued antidumping and countervailing duty orders regarding certain aluminum extrusions from China. *See Aluminum Extrusions from the People's Republic of China*, 76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) (antidumping duty order) ("AD Order"); *Aluminum Extrusions from the*

Ct. No. 22-00236

*People's Republic of China*, 76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) (countervailing duty order) ("CVD Order") (collectively, the "Orders").

      6.      On October 31, 2019, CBP initiated an investigation pursuant to Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act, ("EAPA") in response to an allegation submitted by Ta Chen International Inc. ("Ta Chen") ("EAPA Cons. Case No. 7348"). Letter from Brian M. Hoxie, Dir. Enf't Operations Div., Trade Remedy & Law Enf't Directorate, CBP Off. of Trade, re: *Notice of Determination of Evasion* (Nov. 2, 2020) at 2. Ta Chen alleged that three importers, Florida Aluminum Extrusion, LLC, Hialeah Aluminum Supply, Inc., and Global Aluminum Distributor, LLC, imported covered merchandise that had been transshipped through Kingtom Aluminio SRL ("Kingtom") in the Dominican Republic. *See id.* at 1-2. On February 2, 2020, TRLED found that reasonable suspicion existed that the aluminum extrusions imported were entered into the United States through evasion. *Id.* at 2. On November 2, 2020, TRLED issued its determination that substantial evidence exists demonstrating that the aluminum extrusions entered by these importers were transshipped Chinese-origin aluminum extrusions. *Id.* at 17-18. In its final determination of evasion, TRLED applied adverse inferences and found that Kingtom failed to submit accurate information and cooperate to the best of its ability, so TRLED was unable to determine that Kingtom produced all of the aluminum extrusions it sold. *Id.* at 17.

      7.      On December 16, 2020, the importers subject to EAPA Cons. Case No. 7348 submitted requests for administrative review of TRLED's determination to Regulations and Rulings. *See* Complaint, *Global Aluminum Distributor LLC v. United States*, Ct. No. 21-00198 (Apr. 28, 2021), ECF No. 2. Kingtom also submitted a request for administrative review, which Regulations and Rulings rejected. On March 18, 2021, Regulations and Rulings issued its

Ct. No. 22-00236

determination that substantial evidence supported a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican-origin aluminum extrusions. *See id.* at *Global Aluminum Distributor LLC v. United States* Complaint, *Global Aluminum Distributor LLC v. United States*, Ct. No. 21-00198 (Apr. 28, 2021), ECF No. 2.

8. On April 28, 2021, Global Aluminum Distributor LLC filed a summons and complaint to appeal Regulations and Rulings' administrative review determination of EAPA Cons. Case 7348. *See* Summons, *Global Aluminum Distributor LLC v. United States*, No. 21-00198 (Apr. 28, 2021), ECF No. 1; Complaint, *Global Aluminum Distributor LLC v. United States*, No. 21-00198 (Apr. 28, 2021), ECF No. 2. A concurrent appeal was consolidated into the lead case on May 17, 2021. *See* Order Granting Motion to Consolidate Cases, *Global Aluminum Distributor LLC v. United States*, No. 21-00198 (May 17, 2021), ECF No. 15. On April 15, 2022, the Court granted Defendant United States' motion for a voluntary remand. *See* Order Granting Motion to Remand Case, *Global Aluminum Distributor LLC v. United States*, No. 21-00198 (Apr. 15, 2022), ECF No. 92. On remand, CBP reversed its prior determinations that the EAPA 7348 importers evaded the Orders, despite having reviewed the same evidence twice prior to the appeal. *See* Remand Redetermination for Enforce and Protect Act ("EAPA") Consolidated Case Number 7348, *Global Aluminum Distributor LLC v. United States*, No. 21-00198 (June 13, 2022), ECF No. 93. The remand redetermination was uncontested, and the Court issued judgment sustaining the remand redetermination on August 8, 2022. *See* Judgment Order, *Global Aluminum Distributor LLC v. United States*, No. 21-00198 (Aug. 8, 2022), ECF No. 103.

9. On January 27, 2020, CBP initiated an investigation pursuant to EAPA in response to an allegation submitted by Plaintiff ("EAPA Cons. Case No. 7423"). Letter from Brian M. Hoxie, Dir. Enf't Operations Div., Trade Remedy & Law Enf't Directorate, CBP Off. of Trade,

Ct. No. 22-00236

re: *Notice of Determination of Evasion* (Jan. 28, 2021) at 2. Plaintiff alleged that seven importers, Classic Metal Suppliers, Florida Aluminum Extrusion, LLC, Industrias Feliciano Aluminum Inc., Global Aluminum Distributor, LLC, H&E Home Inc., JL Trading Corp, and Puertas y Ventanas JM Inc., imported covered merchandise that had been transshipped through Kingtom in the Dominican Republic. *See id.* at 1-2. On May 4, 2020, TRLED found that reasonable suspicion existed that the aluminum extrusions imported were entered into the United States through evasion. *Id.* at 2. On January 28, 2021, TRLED issued its determination that substantial evidence exists demonstrating that the aluminum extrusions entered by these importers were transshipped Chinese-origin aluminum extrusions. *Id.* at 17-18. TRLED relied on discrepancies in the record between Kingtom's sales volume and production volume, as well as other discrepancies in the record, in making its affirmation determination. Regulations and Rulings conducted a *de novo* administrative review and affirmed TRLED's determination. *Id.* at 17-18.

10.     On July 19, 2021, H&E Home, Inc. and Classic Metal Suppliers filed a summons and complaint to appeal Regulations and Rulings' administrative review determination. *See* Summons, *H&E Home, Inc. v. United States*, No. 21-00337 (July 19, 2021), ECF No. 1; Complaint, *H&E Home, Inc. v. United States*, No. 21-00337 (July 19, 2021), ECF No. 2. Two concurrent appeals were consolidated into the lead case on August 3, 2021. *See* Order Granting Motion to Consolidate Cases, *H&E Home Inc. v. United States*, No. 21-00337 (Aug. 3, 2021), ECF No. 15. The consolidated appeal was stayed on November 18, 2021. *See* Order Staying Case, *H&E Home Inc. v. United States*, No. 21-00337 (Nov. 18, 2021), ECF No. 47. The stay was lifted on July 13, 2022. Order Granting Motion to Lift Stay, *H&E Home Inc. v. United States*, No. 21-00337 (July 13, 2022), ECF No. 62. Defendant United States filed a motion to voluntarily remand the

Ct. No. 22-00236

case on August 5, 2022. Motion to Remand Case, *H&E Home Inc. v. United States*, No. 21-00337 (Aug. 5, 2022), ECF No. 65.

11. On February 2, 2021, CBP initiated an investigation pursuant to the EAPA, in response to an allegation submitted by Plaintiff ("EAPA 7550"). Letter from Brian M. Hoxie, Dir., Enf't Operations Div., Trade Remedy Law Enf't Directorate, CBP Off. of Trade, re: *Notice of Initiation of Investigation and Interim Measures – EAPA Case 7550* (May 10, 2021). Plaintiff had alleged that Kingtom was evading the Orders by transshipping Chinese aluminum extrusions through the Dominican Republic and that Kingtom's facility in the Dominican Republic does not have the capacity or the capability to produce the volume and types of aluminum extrusions it is shipping to the United States. *See id.* at 2-5.

12. On May 10, 2021, TRLED issued its notice of initiation of the investigation and interim measures in EAPA 7550. TRLED concluded that based on the record evidence, there is a reasonable suspicion that Kingtom has entered covered merchandise into the customs territory of the United States through evasion. *Id.* at 1. Specifically, TRLED found that the evidence reasonably suggests that Kingtom is supplementing its production of aluminum extrusions with transshipped Chinese aluminum extrusions. *Id.* at 6. On August 8, 2021, TRLED placed documents from the administrative records of EAPA Cons. Case 7348 and EAPA Cons. Case 7423 to the record in EAPA 7550. Letter from Brian M. Hoxie, Dir., Enf't Operations Div., Trade Remedy Law Enf't Directorate, CBP Off. of Trade, re: *Notice of Determination of Evasion* (Feb. 4, 2022) at 2. From August 30, 2021 through September 2, 2021, CBP conducted an on-site verification of Kingtom in the Dominican Republic. *See id.* at 3. On February 4, 2022, TRLED made an affirmative determination that Kingtom evaded the Orders. It employed adverse facts available and relied on record evidence that Kingtom began exporting aluminum extrusions to the United

States at the same time that the Dominican Republic established diplomatic relations with China, that Kingtom did not have the capacity to produce the amount of aluminum extrusions it exported to the United States, as well as discrepancies between information Kingtom provided in EAPA 7550, EAPA Cons. Case 7348, and EAPA Cons. Case 7423 and information it provided at the on-site verification. *See generally id.*

13. On March 21, 2022, Kingtom submitted a request for administrative review of TRLED's determination to Regulations and Rulings. *See* Administrative Review Determination at 4. AEFTC filed a timely response to Kingtom's request for administrative review on April 19, 2022. *See id.* at 5. On June 29, 2022, Regulations and Rulings issued its administrative review determination reversing TRLED's final determination of evasion. Regulations and Rulings' administrative review determination undermined the evidence collected at the on-site verification and accepted Kingtom's proffered reconciliation of its production data, which TRLED had previously rejected. *Id.* at 9-12.

14. This appeal followed.

## **CLAIM AND BASES FOR RELIEF**

### **Count I**

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16. TRLED's original determination was supported by substantial evidence. Regulations and Rulings reversal the initial determination of evasion with respect to Kingtom's entries of aluminum extrusions was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

**Ct. No. 22-00236**

1) Hold that CBP's final administrative determination in its *de novo* administrative review is arbitrary, capricious, an abuse of discretion, and is otherwise not in accordance with law;

2) Remand this matter to CBP for disposition consistent with the Court's final opinion and order; and

3) Grant such other relief as the Court may deem just and proper.

                                                  Respectfully submitted,

                                                  */s/ Robert E. DeFrancesco, III*
                                                  Robert E. DeFrancesco, III, Esq.
                                                  Elizabeth S. Lee, Esq.
                                                  Claire M. Webster, Esq.

                                                  **WILEY REIN LLP**
                                                  2050 M Street, NW
                                                  Washington, DC 20036
                                                  (202) 719-7000

                                                  *Counsel to the Aluminum Extrusions Fair Trade Committee*

Dated: August 11, 2022