IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>                    Defendant. | Before: Hon. _____<br><br>Court No. 22-00236 |

# ORDER

Upon consideration of Plaintiff Aluminum Extrusions Fair Trade Committee's ("Plaintiff") Motion for a Preliminary Injunction, and all other papers and proceedings herein, it is hereby

**ORDERED** that Plaintiff's Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that Defendant, United States, together with the delegates, officers, agents, and employees of the United States Customs and Border Protection ("U.S. CBP"), shall be, and are hereby, **ENJOINED**, pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from causing or permitting liquidation of unliquidated entries of aluminum extrusions from the Dominican Republic that:

- were subject to Enforce and Protect Act Investigation Number 7550, Letter from Brian M. Hoxie, Director, Enforcement Operations Division, Trade Remedy & Law Enforcement Directorate, CBP Office of Trade, re: *Notice of Final Determination as to Evasion* (Feb. 4, 2022), and the subsequent *de novo* administrative review, Letter from Wiley R. Beevers, Chief, Cargo Security, Carriers & Restricted Merchandise Branch, Regulations & Rulings, Office of Trade, U.S. CBP, re: *Enforce and Protect Act ("EAPA") Case Number 7550; Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order, 76 FR 30650 (May 26, 2011) and Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order, 76 FR 30653 (May 26, 2011); Kingtom Aluminio SRL; 19 U.S.C. § 1517* (June 29, 2022);

**Ct. No. 22-00236**

- were entered, or withdrawn from warehouse for consumption, on or after January 8, 2020 up to and including the date of the final and conclusive court decision in this litigation, including all appeals and remand proceedings;

- were imported by Kingtom Aluminio S.R.L.;

- remain unliquidated as of 5:00 p.m. on the day the Court enters this order on the docket in this case.

And it is further

**ORDERED** that this injunction shall dissolve upon entry of a final court decision in this litigation, including all appeals and remand proceedings, and that the entries covered by this injunction shall be liquidated in accordance with that final decision.

Date: _____          _____
     New York, New York                                                                                Judge

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>       Defendant. | Before: Hon. _____<br><br>Court No. 22-00236 |

**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rules 7, 56.2(a), and 65(a) of the Rules of the United States Court of International Trade, Plaintiff Aluminum Extrusions Fair Trade Committee ("Plaintiff"), by and through its attorneys, respectfully moves this Court to preliminarily enjoin the Defendant, the United States, together with its delegates, officers, agents, servants, and employees of the United States Customs and Border Protection ("CBP"), pending a final and conclusive court decision in this litigation, from causing or permitting liquidation of unliquidated entries of aluminum extrusions from the Dominican Republic that:

- were subject to Enforce and Protect Act Investigation ("EAPA") Number 7550, Letter from Brian M. Hoxie, Director, Enforcement Operations Division, Trade Remedy & Law Enforcement Directorate, CBP Office of Trade, re: *Notice of Final Determination as to Evasion* (Feb. 4, 2022), and the subsequent *de novo* administrative review, Letter from Wiley R. Beevers, Chief, Cargo Sec., Carriers & Restricted Merchandise Branch, Regulations & Rulings, Off. of Trade, U.S. CBP, re: *Enforce and Protect Act ("EAPA") Case Number 7550; Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order, 76 FR 30650 (May 26, 2011) and Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order, 76 FR 30653 (May 26, 2011); Kingtom Aluminio SRL; 19 U.S.C. § 1517* (June 29, 2022) ("Administrative Review Determination");

- were entered, or withdrawn from warehouse for consumption, on or after January 8, 2020 up to and including the date of the final and conclusive court decision in this litigation, including all appeals and remand proceedings;

Ct. No. 22-00236

- were imported by Kingtom Aluminio S.R.L. ("Kingtom");

- remain unliquidated as of 5:00 p.m. on the day the Court enters this order on the docket in this case.

The Court has the authority to grant the requested injunctive relief pursuant to 28 U.S.C. § 1585. As discussed in Plaintiff's Complaint, Plaintiff is a coalition of U.S. producers of aluminum extrusions and is an interested party as defined in 19 U.S.C. § 1517(a)(6)(A)(iv). Plaintiff was also a participant in CBP's underlying Enforce and Protect Act ("EAPA") investigation and subsequent *de novo* administrative review. Plaintiff filed the allegation of evasion that resulted in the initiation of the underlying investigation. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1517(g).

This motion is timely filed. Pursuant to Rule 56.2(a) of this Court, "{a}ny motion for a statutory injunction . . . to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown." Plaintiff's Complaint was timely filed and served on August 11, 2022. Accordingly, this motion is timely.

## I.    LEGAL STANDARD FOR PRELIMINARY INJUNCTION

In order to prevail on a motion for a preliminary injunction, the moving party must show that: (1) without the requested relief, Plaintiff will be immediately and irreparably injured; (2) the balance of hardships on the parties favors Plaintiff; (3) Plaintiff is likely to succeed on the merits; and (4) the public interest would be better served by granting the requested relief. *See U.S. Ass'n of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005); *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983).

As demonstrated below, the criteria for issuing an injunction are satisfied in this case. Specifically, absent an injunction preventing liquidation, CBP will liquidate the relevant entries,

Ct. No. 22-00236

and could deprive Plaintiff of its right to meaningful judicial review of the challenged final administrative determination. Accordingly, an injunction to prevent liquidation is sought until a final judicial resolution of this action.

    **A.**    **<u>Plaintiff Will Be Immediately and Irreparably Injured Without the Requested Injunctive Relief Against Liquidation</u>**

Plaintiff will be immediately and irreparably harmed unless this preliminary injunction is granted. Courts have previously held that the prospect of mootness due to the liquidation of entries constitutes grounds for finding immediate and irreparable harm in the absence of an injunction. *See Nucor Corp. v. United States*, 29 CIT 1452, 1461, 412 F. Supp. 2d 1341, 1349 (2005); *see also Canadian Wheat Bd. v. United States*, 31 CIT 650, 491 F. Supp. 2d 1234 (2007). Liquidating the subject entries prior to the resolution of this proceeding could render Plaintiff's claims moot if it eliminates Plaintiff's only available remedy in an action contesting the results of a final determination. *See Zenith*, 710 F.2d at 810 (noting that "the consequences of liquidation {faced by the domestic producer} do constitute irreparable injury."); *Carpenter Tech. Corp. v. United States*, 31 CIT 1, 8, 469 F. Supp. 2d 1313, 1320 (2007). Indeed, preliminary injunctions issue "almost reflexively" in proceedings like this to avoid depriving a party of the opportunity for meaningful judicial review. *See Nucor Corp.*, 29 CIT at 1459, 412 F. Supp. 2d at 1348; *see also Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009) ("It has long been established that liquidation of entries after a final determination of duties for a particular period, before the merits can be litigated, is sufficient harm.") (citing *Zenith*, 710 F.2d at 810).

In this action, Plaintiff is challenging the reversal by CBP, Office of Trade ("OT"), Regulations and Rulings ("Regulations and Rulings"), of the initial determination of evasion made by the CBP OT Trade Remedy & Law Enforcement Directorate with respect to entries of aluminum extrusions. *See* Administrative Review Determination at 11-12. As detailed in

3

Plaintiff's Complaint, duties were collected on Kingtom's entries of aluminum extrusions. If these entries are not suspended and liquidated without paying the AD/CVD duties as indicated in the reversal, Plaintiff will not be able litigate this appeal, thereby undermining the relief owed to the domestic industry. In this instance, absent an injunction, CBP will proceed with liquidation of certain subject entries on the basis of determinations that Plaintiff alleges were arbitrary, capricious, an abuse of discretion, and other not in accordance with law.

### B. The Balance of Hardships Favors Plaintiff

Balancing the hardships that each party would suffer necessarily requires this Court to determine which party would be most adversely affected by the decision to either grant or deny a preliminary injunction. *See Ugine-Savoie Imphy v. United States*, 24 CIT 1246, 1250, 121 F. Supp. 2d 684, 688-89 (2000); *see also Kwo Lee, Inc. v. United States*, 24 F. Supp. 3d 1322, 1331 (Ct. Int'l Trade 2014); *Canadian Wheat Bd.*, 31 CIT at 663, 491 F. Supp. 2d at 1247. Here, any hardship to other parties that would be caused by a delay in liquidation is outweighed by the irreparable harm to Plaintiff that would occur if an injunction were denied. As discussed above, the denial of injunctive relief could deprive Plaintiff of its statutory right to challenge the final administrative determination in light of the Court's precedent.

By contrast, neither Defendant United States nor any prospective defendant-intervenor will suffer any hardship as a result of the Court granting the requested injunction. As this Court has observed, suspension of liquidation is, at most, an "inconvenience" to the Government. *See Timken Co. v. United States*, 6 CIT 76, 81, 569 F. Supp. 65, 70-71 (1983). Similarly, any interested private party would only be inconvenienced by a delay in liquidation. If any refunds of duties are ultimately owed to private parties, they will receive the amounts with interest, thereby compensating for any delay. *See* 19 U.S.C. § 1677g(a). Thus, the balance of hardships clearly favors Plaintiff.

### C. Plaintiff is Likely to Prevail on the Merits

Plaintiff is likely to succeed on the merits of its case-in-chief. Where, as here, irreparable injury is firmly established, "it will ordinarily be sufficient that the movant has raised questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co.*, 6 CIT at 80, 569 F. Supp. at 70; *see also Qingdao Taifa Grp.*, 581 F.3d at 1378-79 ("A request for a preliminary injunction is evaluated in accordance with a 'sliding scale' approach: the more the balance of irreparable harm inclines in the plaintiff's favor, the smaller the likelihood of prevailing on the merits he need show in order to get the injunction." (quoting *Kowalski v. Chi. Tribune Co.*, 854 F.2d 168, 170 (7th Cir. 1988))).

In its Complaint filed in this proceeding, Plaintiff raises such questions. As detailed in Plaintiff's Complaint, CBP's final administrative determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. Specifically, in the case at bar, Regulations and Rulings exceeded CBP's authority in interpreting the scope of the antidumping and countervailing duty orders at issue and concluding that Kingtom did not evade the Orders.

As discussed above and as will be further detailed in Plaintiff's Rule 56.2 Brief, Regulations and Ruling's final administrative determination is arbitrary, capricious, an abuse of discretion, and is otherwise not in accordance with law, with respect to the claims advanced by Plaintiff in its Complaint. Plaintiff respectfully submits that it has therefore satisfied the standard for demonstrating the likelihood of success on the merits in a case such as this, where the other requisites of an injunction are met.

### D. Granting an Injunction Will Serve the Public Interest

The public interest is best served by effective enforcement of the trade laws and by ensuring that accurate duties are assessed on entries covered by antidumping and countervailing duty orders. *See Smith-Corona Grp. Consumer Prods. Div. v. United States*, 1 CIT 89, 98, 507 F.

Ct. No. 22-00236

Supp. 1015, 1023 (1980), *aff'd*, 713 F.2d 1568 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1022 (1984) (stating that the public interest is served "by the procedural safeguard of an injunction *pendente lite* to maintain the *status quo* of the unliquidated entries until a final resolution of the merits"); *see also Kwo Lee, Inc.*, 24 F. Supp. 3d at 1332 ("The public interest is served by the accurate and effective, uniform and fair enforcement of trade laws") (citing *Union Steel v. United States*, 33 CIT 614, 622, 617 F. Supp.2d 1373, 1381 (2009); *Ceramica Regiomontana, S.A. v. United States*, 7 CIT 390, 397, 590 F. Supp. 1260, 1265 (1984)). Indeed, the very purpose of the EAPA is to investigate the evasion of antidumping and countervailing duty orders. *See* 19 U.S.C. § 1517.

In this case, absent an injunction, the final administrative determination will result in liquidation of certain entries when, as a matter of law and fact, the decision is flawed, in part. The public interest would be ill-served by permitting liquidation of entries without judicial review under these circumstances. In contrast, the public interest would be well-served by enjoining liquidation of entries, maintaining the *status quo*, and allowing a resolution of the issues presented on their merits.

Accordingly, the public interest is served here by enjoining liquidation of the entries at issue in the final administrative determination pending a final and conclusive court decision in this litigation.

## II.     CONSENT OF THE PARTIES

Pursuant to Rules 7(b) and 7(f) of the Rules of this Court, on August 11, 2022, counsel for Plaintiff contacted Defendant the United States by email regarding consent for this motion. On August 15, 2022, Counsel for Defendant the United States, Mr. Alexander Vanderweide, informed Plaintiff that Defendant consents only to the exact terms of the attached proposed order, pursuant to the framework established in *Qingdao Taifa Group Co., Ltd. v. United States*, 581 F.3d 1375, 1378-82 (Fed. Cir. 2009). Therefore, without conceding any likelihood of Plaintiff's success on

6

Ct. No. 22-00236

the merits and notwithstanding the USCIT Rule 65 factors for issuance of ordinary injunctions, Defendant consents to Plaintiff's injunction. Defendant has also consented to Plaintiff's request that the preliminary injunction extend pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its motion for a preliminary injunction against liquidation be granted.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Robert E. DeFrancesco, III, Esq.
Elizabeth S. Lee, Esq.
Claire M. Webster, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for Aluminum Extrusions Fair Trade Committee*

Date:  August 15, 2022