

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, NY 10278-0001

CHAMBERS OF
RICHARD K. EATON
JUDGE

August 17, 2022

**VIA CM/ECF**

Re: *Aluminum Extrusions Fair Trade Committee v. United States*
    **Court No. 22-00236**

Dear Counsel:

    The matter captioned above has been assigned to these Chambers. USCIT R. 56.2 requires the court to enter a scheduling order promptly after receiving the parties' joint status report and proposed briefing schedule. In addition to a joint status report and proposed scheduling order, the court requires that the parties challenging the agency determination file a statement of the issues presented. The statement will not have any preclusive effect in the litigation. It is designed to assist the court and the parties in setting a logical and efficient briefing schedule, and to aid the court in determining whether to modify the page limitations for briefs.

    In preparing the statement of the issues, counsel shall identify and focus on the substantive issues in this matter and eliminate any peripheral or unnecessary concerns. Counsel will first summarize in one sentence the details of each issue presented. Next, counsel will identify the statutory or regulatory bases governing the issue. Counsel will then identify the nature of any evidentiary (or factual) claims that are properly reviewable by the court, that is, claims that do not ask the court to re-weigh the evidence or make determinations regarding credibility. Finally, counsel will identify the standard of review applicable to each issue.

    Enclosed is a sample statement of the issues. For chambers procedures, see https://www.cit.uscourts.gov/sites/cit/files/Standard_Chambers_Procedures.pdf.

Very truly yours,

/s/  Richard K. Eaton
       Judge

Enclosure

cc: Casey Cheevers, Case Manager

# SAMPLE STATEMENT OF THE ISSUES[1]

A. <u>Issue Number 1: Commissions</u>

1.     <u>Statement of the Issue</u>:

ITA failed to deduct commissions paid to related consignment agents from US. price pursuant to 19 U.S.C. § 1677a(e)(l) or to make an adjustment for differences in commissions pursuant to 19 U.S.C. § 1677b(a)(4)(B).

2.     <u>Type of Claim, Statutory Provisions Applicable, and Standard of Review</u>

<u>Legal</u>: The plain language of 19 U.S.C. § 1677a(e)(1) requires ITA to deduct commissions from exporter's sales prices. ITA's methodology should be reviewed under the first prong of the *Chevron* standard.  In the alternative, ITA should have considered whether the commissions qualified for a circumstance of sale adjustment pursuant to 19 U.S.C. § 1677b(a)(4)(B), case law, and agency practice.  ITA's methodology should be reviewed under the second prong of *Chevron*, "arbitrary or capricious," or "abuse of discretion" standards.

B. <u>Issue Number 2: Third-Country Sales Prices</u>

1.     <u>Statement of the Issue</u>:

ITA failed to collect and consider using third-country sales prices as a basis for foreign market value or otherwise make a factual record to support its determination.

2.     <u>Type of Claim, Statutory Provisions Applicable, and Standard of Review</u>:

<u>Legal</u>: According to *Floral Trade Council v. United States*, 15 CIT 497, 499, 775

---

[1]     This statement of the issues, prepared by Stewart & Stewart, was submitted in response to the Court's Order in CIT Consol. Court No. 96-09-02209.

F. Supp. 1492, 1496 (1991), *aff'd*, 67 F.3d 318 (Fed. Cir. 1995), 19 U.S.C. § 1677b(a)(2), and 19 C.F.R. § 353.48(b), ITA has the discretion to reject third-country sales prices as a basis for foreign market value and rely on constructed value where there is an adequate factual basis in the record for doing so. ITA's failure to collect information uniquely in the possession of the Colombian growers and its failure to compile a record adequate to the task of applying the law should be reviewed under the "abuse of discretion" standard.

  Factual: The record evidence does not support ITA's decision to reject third-country prices for all Colombian growers.  ITA's decision should be reviewed under the *Universal Camera* standard.

C. Issue Number 3: Third Country Selling Expenses and Profits

1.  Statement of the Issue:

ITA failed to rely on actual third country, selling expenses and profit for those companies with viable third country markets in calculating constructed value.

2.  Type of Claim, Statutory Provisions Applicable, and Standard of Review:

Legal: Although the statute does not specifically address this issue. 19 U.S.C. § 1677b(e)(1)(B) in general requires ITA to use "actual" expenses incurred and profits earned on sales except where those amounts fall below the statutory minimums. ITA's methodology should be reviewed under the second prong of the *Chevron* standard.

D. Issue Number 4: Cash Deposit Instructions

1.  Statement of the Issue:

ITA failed to draft cash deposit instructions that would prevent Colombian growers from avoiding duties at their own company-specific rates and failed to publish those

Court No.                                                                                                                                  Page 3

        instructions in the <u>Federal Register</u> such that interested parties could comment.

2.        <u>Type of Claim, Statutory Provisions Applicable, and Standard of Review</u>:

        <u>Legal</u>: As reflected in 19 U.S.C. §§ 1673 and 1675(a)(2), the remedial purpose of the statute requires the imposition of antidumping duties to force producers/exporters with dumping margins to raise their U.S. prices by the amount of their dumping margins. Section 1675(a) of the statute requires ITA to publish the results of administrative reviews with notice of any estimated duty to be deposited. Section 353.22(e)(1) of the regulations require ITA to assess antidumping duties at the cash deposit rate in the absence of a review request.

        ITA's cash deposit instructions should be reviewed under the second prong of the *Chevron* standard. ITA's decision not to publish its cash deposit instructions methodology should be reviewed under the first prong of the *Chevron* standard as well as the procedural due process standard.

E. <u>Issue Number 5: Publication of Margin</u>

1.        <u>Statement of the Issue</u>:

        ITA failed to assign Flor Colombia, S.A. a company-specific margin in the <u>Federal Register</u> notice announcing its final determination.

2.        <u>Type of Claim, Statutory Provisions Applicable, and Standard of Review</u>:

        <u>Legal</u>: Section 1675(a) of the statute requires ITA to publish the results of administrative reviews together with notice of any duty to be assessed and estimated duty to be deposited in the <u>Federal Register</u>. ITA's decision should be review under the first prong of the *Chevron* test.